USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCINE HANCOCK, a/k/a,
FRANCINE COLLORO,

                *Plaintiff,*

v.

BEAUTY FASHION SALES GROUP INC.,
LINDSAY CRAMES SAVILLE, a/k/a,
LINDSAY CRAMES, a/k/a LINDSAY SAVILLE

                *Defendants.*

24-CV-3921 (MKV)

**OPINION AND ORDER
DENYING MOTION TO DISMISS
WITHOUT PREJUDICE**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Francine Hancock ("Hancock") brings this action against Defendants Beauty Fashion Sales Group, Inc. ("BFSG") and Lindsay Saville ("Saville"). [ECF No. 25, ("SAC")]. Plaintiff asserts claims for violations of the Fair Labor Standards Act, New York Labor Law, and claims for common law breach of contract, promissory estoppel, and unjust enrichment. SAC ¶¶ 37-71. Defendants now move to dismiss this action pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure for insufficient service of process and for failure to state a claim upon which relief can be granted. [ECF No. 28 ("Motion")]. In support of their motion, Defendants filed a memorandum of law [ECF No. 29, ("Defs. Br.")], the declaration of Marcelo A. Triana with attached exhibits [ECF No. 30, ("Triana Decl.")], and the declaration of Lindsay Saville [ECF No. 31, ("Saville Decl.")]. Plaintiff filed an opposition to the motion [ECF No. 32, ("Pl. Opp.")] and the declaration of Francine Hancock [ECF No. 33, ("Hancock Decl.")]. Defendants subsequently filed a reply [ECF No. 34, ("Def. Reply")] and the second declaration of Lindsay Saville [ECF No. 35, ("Second Saville Decl.")].[1]

---

[1] Defendants also filed a motion for oral argument on their motion to dismiss. [ECF No. 36]. While Plaintiff did not oppose the motion for oral argument, [ECF No. 37], the Court does not require argument on this motion.

1

## LEGAL STANDARD

Because "[a] dismissal for lack of jurisdiction renders all other claims moot," the Court must first address the Rule 12(b)(5) motion. *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000); *Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). On a motion to dismiss for improper service, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). Rule 4 of the Federal Rules of Civil Procedure "governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). The Court may also "look to matters outside of the complaint" to determine the adequacy of service. *Hines v. Roc-A-Fella Recs., LLC*, No. 19-CV-4587, 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020) (citing *Cassano*, 186 F. Supp. 3d at 320); *Darden v. DaimlerChrysler N. America Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Under Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) obligates the Court to extend the time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca*, 695 F. Supp. 2d at 66. Even "in the absence of a showing of good cause," under Rule 4(m), the Court may grant a discretionary extension to perfect service. *Harper v. NYC Admin. for Children's Servs.*, No. 09-CV-2468, 2010 WL 23328,

at *2 (S.D.N.Y. Jan. 5, 2010). Courts consider four factors when determining whether a discretionary extension is appropriate: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66.

## DISCUSSION

Defendants contend that this action should be dismissed because Plaintiff failed to effectuate proper and timely service of process. Defs. Br. at 6-10. Specifically, Defendants argue that because BFSG is not a registered New York Corporation, service on BFSG pursuant to Section 306 of New York Business Corporation Law was improper. *Id.* at 8-9. Defendants further argue that service on Saville was insufficient because Plaintiff failed to complete either personal delivery or "nail and mail" service pursuant to Section 308 of New York Civil Practice Law and Rules. *Id.* at 10. "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Vantone Grp. Ltd. Liab. Co . v. Yangpu Ngt Indus. Co.*, No. 13-CV-7639, 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016). Plaintiff asserts in opposition only that her "process servers effectuated proper service on both defendants and neither defendant has offered specific facts that rebut the presumption of valid service" and that the process server's affidavit constitutes *prima facie* evidence of proper service. Pl. Opp. at 2-3.

In order to satisfy Rule 4, Plaintiff must show that she sufficiently served both BFSG and Saville in accordance with Rule 4(e)(1) within the Rule 4(m) time period of 90 days from the filing of the complaint. *See* Fed. R. Civ. P. 4; *Deptula v. Rosen*, 558 F. Supp. 3d 73, 84 (S.D.N.Y. 2021) (applying Rule 4 to a motion to dismiss pursuant to Rule 12(b)(5)). Rule 4(h) governs service of

3

corporations and permits service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides for service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

**I.     Service of Process on BFSG Was Insufficient.**

On June 27, 2025, Plaintiff attempted to serve BFSG by serving the New York Secretary of State pursuant to Section 306 of New York Business Corporation Law. [ECF No. 9]. Section 306 allows for service on the New York Secretary of State "as agent of a domestic or authorized foreign corporation." N.Y. Bus. Corp. Law § 306. However, at the time of service, BFSG was incorporated in Florida and was "listed as inactive with the New York Secretary of State." SAC ¶ 3; Triana Decl. Ex. 5 [ECF No. 30-5]. Because BFSG was not registered to do business in New York, service under Section 306 of New York Business Corporation Law was not valid. *See Sleigh Corp. v. Bureau Van Dijk*, No. 95-CV-3053, 1996 WL 219638, at *6 (S.D.N.Y. May 1, 1996) ("The power to effect service on unauthorized foreign corporations is governed solely by [Section] 307 [of New York Business Corporation Law]."); *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, 619 F. Supp. 3d 421, 433 (S.D.N.Y. 2022) (Service pursuant to Section 307 is only proper if Plaintiff has followed "all the strict service of process procedures prescribed by this statute.").

**II.    Service of Process on Saville Was Insufficient.**

Section 308 of New York Civil Practice Law and Rules governs service on individual persons and provides for service by (1) personal delivery, (2) delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" accompanied by mailing the summons and complaint to that persons last known address or place of business, or (3) delivery of the summons to the agent for service of the person

4

to be served. N.Y. C.P.L.R. § 308(1)-(3). Plaintiff filed an affidavit of service documenting three attempts in late June to personally serve Defendant Saville at her home in Florida. [ECF No. 10]. The affidavit indicates that none of these attempts was successful. [ECF No. 10].

Where delivery of summons pursuant to Sections 308(1) or 308(2) cannot be made after "due diligence," Section 308(4) provides for "nail and mail" service. N.Y. C.P.L.R. § 308(4). "Nail and mail" service can be accomplished by

> affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

*Id*. "Such nailing and mailing [are] to be effected within twenty days of each other." *Id.*

After the three failed personal service attempts in late June noted above, the process server left copies of the summons and the first amended complaint affixed to the front gate of Saville's house. *See* Saville Decl. ¶ 4; [ECF No. 10]. The three attempts to serve Saville at an address confirmed to be her actual place of business and dwelling place were sufficient to meet the due diligence requirement for "nail and mail" service. *See Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) (three failed attempts at service were "sufficient to permit [plaintiff's] use of "nail and mail" service); *cf. Sartor v. Toussaint*, 70 F. App'x 11, 14 (2d Cir. 2002) ("There is substantial authority for the proposition that three attempts at residential service do not satisfy the "due diligence" requirement where the process-server made no attempt to serve the defendant at his actual place of business, in particular where the place of business was known.").

But "nail and mail" is a two-step process. While the affidavit attests that on July 3, 2024, copies of the summons and complaint were affixed to the door of Saville's Florida home. [ECF No. 10]. The process server's affidavit itself is not clear with respect to if the summons and

5

complaint were ever mailed to Saville. [ECF No. 10]. Specifically, the "Mailing Copy" box is not checked on the affidavit of service, but there is a date of July 11, 2024 filled in on the "Mailing Copy" line. [ECF No. 10]. Thus, it is unclear to the Court exactly what occurred. Furthermore, Saville attests that she had not, as of October 11, 2025, received the summons or complaint "addressed to [her] individually" in the mail. Saville Decl. ¶ 6. In a subsequent declaration, Defendant Saville states that on October 27, 2025, she received copies of the summons and first amended complaint addressed to her and copies addressed to BFSG. Second Saville Decl. ¶ 4. Although Saville eventually received the summons and complaint by mail, Section 308 requires that the nailing and mailing be effected within twenty days of each other. Thus, Plaintiff has not carried her burden to show that service was proper. *See* N.Y. C.P.L.R. § 308(4).

### III.    Plaintiff Has Not Established Good Cause for Failure to Serve Properly.

The affidavits of service and declarations in support of the Motion demonstrate that neither Defendant was properly served, and the record does not indicate that Plaintiff had good cause for this failure. Although Defendants ultimately received the summons and complaint and cannot claim significant prejudice, *see* Saville Decl. ¶ 4-5; Second Saville Decl. ¶ 4, Plaintiff has not demonstrated reasonable efforts to correct service. Defendants notified Plaintiff and the Court of these deficiencies on July 29, 2025 in a letter regarding their anticipated motion to dismiss. [ECF No. 16] at 2. Specifically, Defendants explained that Plaintiff mistakenly attempted to serve BFSG as a domestic corporation and that this was improper because BFSG was no longer incorporated in New York. *Id.* Defendants further explained that, with respect to Saville, "nail and mail" service had not been completed because the Plaintiff had never mailed the summons and complaint to Defendant Saville. *Id.* Plaintiff's response to this letter completely ignores these issues,

6

addressing only a separate service issue not raised in Defendants' current motion. [ECF No. 20 at 2].

Plaintiff's subsequent October mailing of copies of the summons and complaint did not constitute compliance with the express requirements of Rule 4 of the Federal Rules of Civil Procedure, Section 307 of New York Business Corporation Law, and Section 308 of New York Civil Practice Law and Rules.  With regard to BFSG, Plaintiff did not serve the New York Secretary pursuant to Section 307 and did not file an affidavit attesting to such service or to the October mailing.  *See* N.Y. Bus. Corp. Law § 307.  With regard to Saville, the October mailing did not complete "nail and mail" service both because the summons and complaint were not mailed within twenty days of being affixed to Saville's front gate in July as required by Section 308 and also because no affidavit was filed indicating that the October mailing took place.  *See* N.Y. C.P.L.R. § 308.  The Court learned of the occurrence of the October mailing only by Saville's second declaration in further support of Defendants' motion to dismiss.  Second Saville Decl. ¶ 4.

Since BFSG was an unauthorized foreign corporation, Plaintiff could have accomplished service under Section 307 of New York Business Corporation Law by serving the New York Secretary of State and providing notice of the service and a copy of the process either by personal delivery to BFSG in accordance with Florida Statutes Section 48.081 or by registered mail with a return receipt requested.  *See* N.Y. Bus. Corp. Law § 307.  Where personal service on Defendant Saville proved difficult, after affixing the summons and complaint to her front gate, Plaintiff could have completed service by mailing the summons and the complaint to her Florida address within 20 days and submitting complete documentation to the Court.  *See* N.Y. C.P.L.R. 308.  Plaintiff was notified of the defects in service, failed to correct them, and offered no reason for this failure

7

beyond a cursory denial of any defects. *See* [ECF No. 16 at 2]; [ECF No. 20 at 2]; Defs. Br. at 6-10; Pl. Opp. at 2-3.

## IV.     A Discretionary Extension to Effectuate Proper Service Is Appropriate.

Notwithstanding the deficiencies in service on Defendants, Plaintiff is granted an extension of time to properly effectuate service. In determining whether an extension is appropriate, the Court must consider "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66. Because there is a clear "preference that litigation disputes be resolved on the merits," an extension to allow Plaintiff to cure the deficiencies in service is appropriate here. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *see*, *e.g.*, *De Luca*, 695 F. Supp. 2d at 66 (relying on the Second Circuit's preference for deciding cases on the merits in granting an extension to perfect service); *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 206-07 (S.D.N.Y. 2024) (applying the general preference for resolution of cases on the merits to the context of improper service); *Patel v. Clane Gessel Studio*, No. 22-CV-10964, 2023 WL 8280498, at *3 (S.D.N.Y. Nov. 30, 2023).

Here, factor one and three cut against granting an extension because the statute of limitations has not run for any of Plaintiff's claims, so an extension is not necessary to prevent the suit from being barred if re-filed later, and there is no evidence that Defendants attempted to conceal the defects in service. *See generally* SAC; ECF No. 16. Factors two and four, however, each weigh in favor of granting an extension to allow Plaintiff to perfect service. Defendants appeared and began filing letters within a couple weeks of the first attempts at service, and Defendant Saville clarifies in her declarations that she did eventually receive the First Amended

Complaint in July and the Second Amended Complaint in October. Saville Decl. ¶¶ 4-5; Second Saville Decl. ¶ 4; ECF No. 16. Since Defendants had actual notice of the action and have actively participated in motion practice, they were not substantially prejudiced by Plaintiff's failure to properly serve. Considering the four factors and the general preference for deciding cases on their merits, an extension to perfect service in this case is proper. *See Patel*, 2023 WL 8280498, at *3 (granting a discretionary extension to perfect service where factors one and three cut against and factors two and four cut in favor); *Young America's Found. v. Stenger*, No. 320-CV-0822, 2021 WL 4123316, at *3 (N.D.N.Y. Sept. 9, 2021) (holding that the balance of equities favors an extension of time to perfect service where factors one and three cut against and factors two and four cut in favor).

## CONCLUSION

For the reasons set forth above, a discretionary extension of time to perfect service is appropriate. Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) is DENIED without prejudice. Defendants' motion for oral argument on their motion to dismiss is DENIED. IT IS HEREBY ORDERED that, within 21 days of this Order, Plaintiff shall properly serve Defendants and promptly file proof of service with the Court. Thereafter, Defendants may renew their motion to dismiss, if appropriate, within 21 days of Plaintiff filing proof of service.

The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 28 and 36.

**SO ORDERED.**

Date: September 8, 2025  
New York, NY

_Mary Kay Vyskocil_  
**MARY KAY VYSKOCIL**  
**United States District Judge**