USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCINE HANCOCK, a/k/a,
FRANCINE COLLORO,

*Plaintiff,*

v.

BEAUTY FASHION SALES GROUP INC.,
LINDSAY CRAMES SAVILLE, a/k/a,
LINDSAY CRAMES, a/k/a LINDSAY SAVILLE

*Defendants.*

24-CV-3921 (MKV)

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Francine Hancock ("Hancock") brings this action against Defendants Beauty Fashion Sales Group, Inc. ("BFSG"), a Florida corporation, and its founder Lindsay Saville ("Saville"). [ECF No. 25, ("SAC")]. Plaintiff asserts claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and the New York Labor Law, N.Y. Lab. Law § 193, as well as claims for common law breach of contract, promissory estoppel, and unjust enrichment. SAC ¶¶ 37–71. Now before the Court is Defendants' second motion to dismiss this action. [ECF No. 47].

In ruling on a prior motion to dismiss, [ECF No. 28], the Court found that Plaintiff had failed to properly serve either Defendant but afforded her a discretionary extension of time to perfect service. *See* [ECF No. 38] (the "Prior Opinion"). The Court set a deadline of an additional 21 days, extending the time for Plaintiff to serve Defendants through September 29, 2025. *Id.* at 9.

When Plaintiff's second round of efforts to effectuate service concluded, Defendants timely renewed their motion to dismiss. [ECF No. 47 ("Motion")]. The Motion again seeks dismissal pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure for

insufficient service of process and for failure to state a claim upon which relief can be granted. [ECF No. 47 ("Motion")].

In support of their motion, Defendants filed a memorandum of law [ECF No. 48, ("Defs. Br.")], the declaration of Marcelo A. Triana with attached exhibits [ECF No. 49, ("Triana Decl.")], and the declaration of Lindsay Saville [ECF No. 50, ("Saville Decl.")]. Plaintiff filed an opposition to the motion [ECF No. 51, ("Pl. Opp.")] and the declaration of Bridget Butler with attached exhibits [ECF No. 52, ("Butler Decl.")].[1] Defendants subsequently filed a reply [ECF No. 54, ("Def. Reply")] and a second declaration of Marcelo A. Triana with an attached exhibit [ECF No. 55, ("Second Triana Decl.")].[2]

## LEGAL STANDARD

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Accordingly, since "a dismissal for lack of jurisdiction renders all other claims moot," the Court must first address Defendants' Rule 12(b)(5) motion. *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016); *see also Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))); *Zeballos v. Tan*, No. 06-cv-1268 (GEL), 2006 WL 1975995, at *6 n.11 (S.D.N.Y. July 10, 2006) (noting, in declining to reach the merits where service had not been effectuated, "the general rule

[1] Plaintiff has also filed three affidavits of service and one certificate of service since the Prior Opinion. [ECF Nos. 44 (the "Guyette Affirmation" or "Guyette Aff."), 45 (the "Quiroz Affirmation" or "Quiroz Aff."), 46 (the "Warner Affirmation" or "Warner Aff."), 53 (the "Butler Certificate" or "Butler Cert.")].

[2] Defendants also filed a motion for oral argument on their motion to dismiss. [ECF No. 56]. While Plaintiff did not oppose the motion for oral argument, [ECF No. 57], the Court does not require argument on this motion.

that courts should not determine whether plaintiff has stated a claim until personal jurisdiction over the defendant is established").

On a motion to dismiss for improper service, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). The Court may "look[] to matters outside of the complaint" to determine the adequacy of service. *Hines v. Roc-A-Fella Recs., LLC*, No. 19-cv-4587, 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020) (citing *Cassano*, 186 F. Supp. 3d at 320); *see also Darden v. DaimlerChrysler N. America Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). While a "process server's affidavit of service constitutes prima facie evidence of proper service," *Rana v. Islam*, 305 F.R.D. 53, 63 (S.D.N.Y. 2015), a "defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service" and often "necessitates an evidentiary hearing," *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). However, "no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* at 58 (citation modified). Likewise, "conclusory statements on the part of the plaintiff are insufficient to overcome a defendant's sworn affidavit that he was not served." *Li v. Ichiro Sushi, Inc.*, No. 14-cv-10242 (AJN), 2016 WL 1271068, at *2 (S.D.N.Y. Mar. 29, 2016) (citation modified).

Rule 4 of the Federal Rules of Civil Procedure "governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4(e)(1) allows service of process under the rules of the state in which the Court sits. *See* Fed. R. Civ. P. 4(e)(1). Under Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m). Rule 4(m) obligates the Court to extend the time for service "if the plaintiff shows good cause for the failure." *Id.* "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca*, 695 F. Supp. 2d at 66. Even "in the absence of a showing of good cause," under Rule 4(m), the Court may grant a discretionary extension to perfect service. *Harper v. NYC Admin. for Children's Servs.*, No. 09-cv-2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010).

## DISCUSSION

### I. Service of Process on BFSG Was Insufficient.

The Guyette Affirmation indicates that service was effectuated upon BFSG under Section 307 of the New York Business Corporation Law, which applies to foreign corporations.[3] *See* Guyette Aff. at 1. As relevant here, this method of service requires 1) service on the New York Secretary of State and 2) provision of notice of the service and a copy of the process to the defendant by either i) personal delivery outside the state or (ii) "registered mail with return receipt requested." N.Y. Bus. Corp. Law § 307(b).

If a plaintiff opts to effectuate service by mail, she must file an affidavit of compliance together with "either the return receipt signed by such foreign corporation or other official proof of delivery or, if acceptance was refused by it, the original envelope with a notation by the postal authorities that acceptance was refused." N.Y. Bus. Corp. Law § 307(c)(2).[4] Service is not complete until "ten days after such papers are filed with the clerk of court." *Id.* "Strict compliance

[3] As previously noted, "at the time of service, BFSG was incorporated in Florida and was listed as inactive with the New York Secretary of State." Prior Opinion at 4 (citation modified).

[4] "If acceptance was refused," moreover, "a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept shall be promptly sent to such foreign corporation at the same address by ordinary mail and the affidavit of compliance shall so state." *Id.*

. . . is required" before a court may exercise personal jurisdiction over a foreign corporate defendant. *Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 57, 555 N.E.2d 907 (1990) (citation modified).

Plaintiff has not complied—let alone strictly—with the prescriptions of Section 307. Most fundamentally, Plaintiff's affidavits of service do not attach either a signed return receipt or the original envelope with a notation by the postal authorities indicating that acceptance was refused. *See* Guyette Aff. Indeed, they attach nothing. *See id.* Plaintiff does not meaningfully address this defect, instead focusing on her compliance with uncontested aspects of Section 307(b). *See* Opp. at 4 (arguing that service was compliant because Plaintiff effectuated "personal service of process on the New York Secretary of State" before "mailing notice and a copy of the process by registered mail return receipt requested to the specified Florida address for legal process").

In a somewhat muddled gesture towards woefully belated compliance with yet another aspect of Section 307, Plaintiff does seem to suggest that BFSG "refus[ed] to accept" service by mail. Opp. at 5 (asserting compliance as of the date of filing the Opposition with the requirement of Section 307(c)(2) to—"if acceptance was refused"—promptly send "a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept" to the defendant (citation modified)). Citing the Butler Declaration, Plaintiff notes that—on the day she filed the Opposition, 42 days after the extended service deadline—she sent BFSG, "by ordinary mail . . . , a copy of the notice and process together with notice of the mailing by registered mail and refusal to accept." *Id.*

But the copy of the original envelope attached to the Butler Declaration does not reflect a notation by the postal authorities that acceptance was refused. *See* [ECF No. 52-3].[5] Instead, the

[5] The Butler Certificate appears to attach the same envelope.

notation reads "NOT DELIVERABLE AS ADDRESSED." *Id.* That notice of service and a copy of process were not deliverable to BFSG is further corroborated by Defendant Saville, *see* Saville Decl. ¶ 7, and the USPS tracking records, *see* [ECF No. 49-7], [ECF Nos. 55-1]. A package that is not delivered "is not the same as" one that is "refused" for purposes of compliance with Section 307. *Albee Specialists, Inc. v. Paragon Sportswear, Inc.*, No. 90-cv-2811 (CES), 1990 WL 155593, at *2 n.1 (S.D.N.Y. Oct. 10, 1990); *see also Lansdowne Fin. Servs. Ltd. v. Binladen Telecommunications Co.*, 95 A.D.2d 711, 712, 463 N.Y.S.2d 826 (1st Dep't 1983) (similar).

Moreover, even if BFSG had refused delivery and Plaintiff had belatedly complied with the requirement to send BFSG "notice of the . . . refusal to accept," N.Y. Bus. Corp. Law § 307(c)(2), that would not cure her failure in the first place to file the original envelope and notation of refusal with the Court. *See Flannery v. Gen. Motors Corp.*, 86 N.Y.2d 771, 773, 655 N.E.2d 176, 631 N.Y.S.2d 135 (N.Y. 1995) (failure to comply strictly with Section 307(c)(2) "is jurisdictional and does not constitute a mere irregularity subject to cure" (citation modified)).

## II. Service of Process on Saville Was Insufficient.

The Quiroz Affirmation indicates that service was effectuated upon Saville via the "nail and mail" method authorized by Section 308(4) of the New York Civil Practice Law and Rules.[6] "When a plaintiff cannot, with due diligence, effect service personally or via the two-step 'deliver and mail' process, 'nail and mail' service may also permissible." *Futia v. Roberts*, No. 23-cv-1774 (VB), 2023 WL 8237246, at *7 (S.D.N.Y. Nov. 28, 2023) (citing N.Y. C.P.L.R. § 308(4)). To effectuate service under Section 308(4), "the process server must affix the summons and complaint to the door of either the defendant's actual place of business, dwelling, or usual place

[6] In its Opposition, Plaintiff mistakenly cites twice to Section 308(2), which provides for "deliver and mail" service. It is clear, however, that Plaintiff intends to assert that "Defendant Saville was properly served by CPLR § 308(4)." Opp. at 5.

of abode," and then "first class mail the summons and complaint to the defendant's residence or place of business." *Futia*, 2023 WL 8237246, at *7.[7] "Proof of such service shall be filed with the clerk of the court" and "service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(4) (citation modified).

Plaintiff purportedly attempted personal service on Saville at her address on three consecutive days, September 24, 25, and 26, 2025, before "affixing a true copy of each [service document] to the door of said premises" and sending them to her via first-class mail on September 29, 2025. Quiroz Aff. at 1.[8] But another affidavit of service filed by Plaintiff unsettles these attestations by averring a different set of facts.[9] *See* Warner Aff. (reflecting a mailing date of September 26, 2025, by "Certified Mail," while indicating nothing about any on-premises service).

No USPS tracking number is provided for the purported first-class mailing referenced in the Quiroz Affirmation, *see* Quiroz Aff., and it may well be the case that "the September 26 mailing [was] defective because it was mailed by Certified Mail and not First Class mail, as required by CPLR 308(4)." MTD at 11 n.10 (citing *Peale v. James*, 2025 WL 2732859, at *5 (S.D.N.Y. Sept. 25, 2025) ("Plaintiff's mailing was by certified mail, not first-class mail, and did not bear the words 'personal and confidential,' so his attempt at service cannot suffice under Section 308(2)."); *see also Barrera v. New York City Dep't of Educ.*, No. 24-cv-7194 (CM), 2025 WL 3211802, at *6

[7] Arguably, first-class mailing is not required where the mailing is to the last known residence. *See Cohen v. Shure*, 153 A.D.2d 35, 38, 548 N.Y.S.2d 696, 698 (2d Dep't 1989). In any event, the address in question here is also Defendants' business address. *See* Saville Decl. ¶ 3.

[8] Defendants argue that attempting "service on three consecutive weekdays is insufficient to satisfy the 'due diligence' requirement" of Section 308(4). MTD at 11 (citing *Kopec v. GMG Const. Corp.*, 2011 WL 2650597, at *3 (E.D.N.Y. July 6, 2011); *Spath v. Zack*, 36 A.D.3d 410, 413 (1st Dept. 2007)). The Court has already held in this case that "three attempts to serve Saville at an address confirmed to be her actual place of business and dwelling place were sufficient to meet the due diligence requirement for 'nail and mail' service." Prior Opinion at 5 (citing *Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018); *Sartor v. Toussaint*, 70 F. App'x 11, 14 (2d Cir. 2002)). The Court declines to revisit that ruling now, particularly because Plaintiff's attempt at "nail and mail" service was defective even if her diligence made it available as an option.

[9] The Court has already found a previous affidavit of service submitted by Mr. Quiroz to be, at best, "unclear." Prior Opinion at 6.

(S.D.N.Y. Nov. 17, 2025) ("C.P.L.R. § 308 requires that it be sent via first-class, not certified, mail."); POSTAL REGUL. COMM'N, MAIL CLASSIFICATION SCHEDULE (July 12, 2026) § 1505.5.1(a) ("Certified Mail service provides a mailer of First-Class Mail, USPS Ground Advantage, or Priority Mail with a mailing receipt and electronic confirmation of the date, location, and time of the delivery or attempted delivery.").[10] Casting more doubt on Plaintiff's various and conflicting proofs of service, the tracking number provided for the certified mailing referenced in the Warner Affirmation reflects no activity prior to October 1, 2025—two days after the extended service deadline. *See* [ECF No. 49-8].

Moreover, even if these confused and unclear filings were sufficient to make out a *prima facie* showing of compliance with Section 308(4), Saville has rebutted it by swearing she never received service by mail. *See* Savile Decl. ¶ 7. Contrary to Plaintiff's conclusory denunciations, Opp. at 6 (citing *Nationstar Mortgage LLC v. Muhammad T. Kamil*, 155 A.D.3d 966, 968 (2d Dep't 2017); *Wells Fargo Bank, N.A. v. Tricarico*, 139 AD3d 722, 32 NYS3d 213 (2d Dep't 2016)), Defendant Saville has indeed personally "sworn to specific facts rebutting the statements in the process server's affidavits," *Rodriguez v. New York City Dep't of Educ.*, No. 1:21-cv-3561 (MKV), 2022 WL 4484576, at *4 (S.D.N.Y. Sept. 26, 2022) (citation modified) (quoting *Old Republic*, 301 F.3d at 58). *See* Saville Decl. ¶ 7 (listing the adult residents of her house and declaring that neither she nor, to her knowledge, any of them has received the service documents purportedly mailed there). Plaintiff has made no effort to rebut this sworn denial. *See Darden v. DaimlerChrysler N. American Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)

[10] Plaintiff does not respond to this argument. In any event, it is not critical to the Court's analysis. The point merely underscores the confusion created by Plaintiff's last-minute, scattershot efforts at service and proof thereof.

("Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served.").

Finally, the Parties quibble over the significance of Saville's declaration that, "on September 26, 2025, [her] nanny . . . notified [her] that a copy of the summons and complaint [had been] left in a plastic bag hanging on the front gate to [her] residence." Saville Decl. ¶ 6 (citation modified). To Defendants, this demonstrates further inconsistencies in the Quiroz Affirmation. *See* MTD at 7 n.8 ("The Quiroz Affidavit appears to incorrectly list the date of the affixing as September 29 at 10:55 A.M. instead of September 26 at 10:55 A.M."). Plaintiff argues that the nanny's statement is mere hearsay that, in any event, amounts to nothing more than an admission of actual notice. *See* Opp. at 6. The nanny's purported statement to Saville is immaterial to the Court's analysis. The Court mentions it only to note that "actual notice of suit" does not "cure a failure to comply with the statutory requirements for serving process." *Sartor*, 70 F. App'x at 13 (collecting cases); *see also Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (same).

## III. Plaintiff is Not Entitled to Another Opportunity to Perfect Service

Somewhat shockingly, Plaintiff insists that the Court "***must*** allow substitute service" by procedures prescribed under Florida law "pursuant to FRCP Rul 4(e)." Opp. at 6 (emphasis added). Plaintiff cites no authority for the proposition that she is entitled to yet another opportunity to serve Defendants under the present circumstances. This case has been pending for over two years. Plaintiff has twice amended her complaint in this action, *see* [ECF Nos. 8, 25], in addition to filing a similar one in state court, *see Hancock v. Beauty Fashion Sales Grp. Inc.*, No. 650241/2024 (N.Y. Sup. Ct. Jan. 16, 2024). Having failed without good cause for over a year to serve Defendants, Plaintiff was nevertheless afforded a discretionary extension of time within

which to do so. *See* Prior Opinion at 9. Nearly another year has passed since then, and Plaintiff still has failed to effectuate service.

Even had Plaintiff satisfied the requirements of service on the Defendants, such service would not have been technically complete until weeks after the extended deadline of September 29, 2025. *See* MTD at 9 n.9 ("Even if Plaintiff's affidavit of service satisfied BCL 307 (which it does not), Plaintiff's service on BFSG would not have been complete until October 16, 2025—17 days after the Court's deadline to complete service—since BCL 307 provides that service is not complete until 10 days after a proof of service is filed." (citing N.Y. Bus. Corp. Law § 307(c))); *id.* at 11 n.10 ("Plaintiff's purported service on Saville was incomplete until October 16, 2025, or 10 days after Plaintiff filed the Quiroz and Warner Affidavits." (citing N.Y. C.P.L.R. § 308(4))).[11] Indeed, Plaintiff did not even resume her efforts to effectuate service until mere days before the extended deadline. *See* Guyette Aff.; Quiroz Aff.; Warner Aff.

"Plaintiff is not entitled to [a] further extension of time to cure [her] repeatedly deficient service at this late stage of the case." *Muhammad v. Annucci*, No. 19-cv-3258 (GBD) (OTW), 2023 WL 2557314, at *3 (S.D.N.Y. Mar. 17, 2023). She has not shown good cause, nor even a "colorable excuse for [her] neglect," and the Court is "not required" to discretionarily extend the time for service yet again. *Zapata v. City of New York*, 502 F.3d 192, 197–98 (2d Cir. 2007).

As the Court previously acknowledged in granting Plaintiff a discretionary extension, "there is a clear preference that litigation disputes be resolved on the merits." Prior Opinion at 8 (citation modified) (collecting cases). Nevertheless, "any further extension would render Rule

[11] It is not entirely clear whether the "requirements that proof of service be timely filed and that ten days pass before service is 'complete' are 'jurisdictional' in the sense that strict compliance is necessary before a court may exercise power over a defendant"—at least with respect to Section 308. *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-cv-3052 (KMK), 2011 WL 1236121, at *5 (S.D.N.Y. Mar. 31, 2011); *but see id.* at 4 n.4. The Court's dismissal, however, does not turn on the jurisdictional status of the statutory timing requirements. Instead, the Court merely notes Plaintiff's untimeliness as evidence of her continued failure to diligently prosecute this action.

4(m) a toothless tiger." *Jordan v. Soyer*, No. 97-cv-5345 (JSR), 1998 WL 460207, at *1 (S.D.N.Y. July 28, 1998) (citation modified).

Without satisfaction of "the procedural requirement of service," the Court may not "exercise personal jurisdiction over" Defendants. *Deptul*, 558 F. Supp. 3d at 83 (quoting *Omni Capital*, 484 U.S. at 104). Accordingly, the Court does not address Defendant's arguments under Rule 12(b)(6) concerning whether Defendant has stated cognizable claims. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("A court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim." (citation modified)).

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint is DISMISSED. The Clerk of Court is respectfully requested to terminate the motions at docket numbers 47 and 56 and close this case.

**SO ORDERED.**

**Date: August 28, 2026**
**New York, NY**

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**